## Fred S. Loomis, Defendant in Error, v. Ellsworth M. Board, Plaintiff in Error.

### Gen. No. 19,541.    (Not to be reported in full.)

Error to the Municipal Court of Chicago; the Hon. John Court-ney, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1913. Affirmed. Opinion filed May 20, 1915.

### Statement of the Case.

Action by Fred S. Loomis, plaintiff, against Ellsworth M. Board, defendant, to recover compensation for legal services. There was judgment for plaintiff for three hundred and fifty dollars, to reverse which defendant prosecutes this writ of error.

The evidence showed that J. L. Board, a brother of defendant, was at one time the owner of a number of shares of the capital stock of the American Can Company, all of which he had in fact sold and transferred to other parties, but that certificates for two hundred shares of said stock had never been transferred upon the books of the company, and still appeared on said books as belonging to him; that continuing to receive notices from the company, said Board concluded that he had not sold all of the shares of stock formerly owned by him, and that he was still the owner of two hundred shares, the certificates for which were either lost or destroyed by fire; that acting, presumably in good faith on that belief, he entered into some arrangement with his former wife, Mrs. Howie, whereby she claimed to have acquired some interest, the precise nature of which is not disclosed, in said shares of stock, and said Board also assigned said shares of stock to defendant as security for a loan of four hundred dollars; that one Garrison, who roomed at the home of Mrs. Howie, was informed by her of her interest in said shares of stock, and that the certificate for said shares

had been destroyed by fire, and she then consulted him with reference to the propriety of taking some steps to procure the issuance by the corporation of other certificates in lieu of those supposed to have been destroyed by fire; that she then proposed to Garrison that she would give him five hundred dollars if he could procure such other certificates to be issued, and could effect a sale of the shares; that after some correspondence with the officers of the corporation, and before he was informed that defendant held an assignment of the shares of stock, Garrison interviewed plaintiff relative to the subject, and sought the advice of plaintiff as to the proper procedure to be adopted in procuring the issuance of new certificates; that shortly thereafter, when Garrison and plaintiff ascertained that defendant held an assignment of the shares of stock, the latter was called into conference and the situation discussed; that plaintiff, after an examination of the authorities bearing upon the question, advised defendant that a proceeding in equity might properly be instituted in Cook county to compel the corporation to issue to defendant new certificates of stock; that plaintiff was not then advised that the assignment to defendant was held merely as collateral accruity for a loan to his brother, but assumed that defendant was the actual owner of the shares of stock; that thereafter, with the authority and approval of defendant, plaintiff prepared and filed in the Superior Court a bill in equity, wherein defendant was made complainant and the American Can Company and J. L. Board were made defendants, to compel the issuance of certificates for said two hundred shares of stock to defendant Board; that defendant then paid to plaintiff thirty dollars to cover the preliminary costs of the proceeding; that thereafter plaintiff entered into negotiations with the attorney of record for the American Can Company, which resulted in a plan satisfactory to defendant and the American Can Company,

and involving the filing by plaintiff for defendant of a petition in the Circuit Court of Hudson county, New Jersey, under the laws of which State the corporation was organized, to effect the same purpose sought to be effected by the bill in equity filed in the Superior Court of Cook county; that during the pendency of these proceedings frequent conferences were had between plaintiff and defendant, in which defendant was fully informed regarding the various steps taken, and wherein he participated; that during the pendency of said proceeding in New Jersey, and before any final order or decree was entered, the true owners and holders of the two certificates of stock, each for one hundred shares of the capital stock of the American Can Company, to whom J. L. Board had sold and assigned said certificates, applied to said corporation to have said certificates properly transferred to them upon the books of said corporation; that upon the disclosure to the parties of the true facts, the proceedings heretofore mentioned necessarily finally terminated unsuccessfully.

There is evidence tending to show that some time prior to the transactions here involved, J. L. Board had been adjudged a bankrupt, and that the decision to institute the proceedings in the name of defendant was influenced in part by that fact. The evidence showed that when it was ascertained that defendant held an assignment of the shares of stock from his brother, it was recognized by all concerned that the proceedings should properly be instituted in the name of defendant. Defendant contends that he was acting for other parties and not on his own behalf, when he availed himself of the services of plaintiff. There was some evidence tending to show that in the event of the favorable outcome of the proceedings instituted by defendant it was understood that the rights and interests of the other parties in the shares of stock would be adjusted with them by defendant.

Riman v. Daskal, 192 Ill. App. 603.

Plaintiff testified that in one of the interviews regarding the method of procedure to be adopted, defendant proposed that plaintiff take the suit upon a contingent fee and that he refused to do so. Defendant denied that he made any such proposition to plaintiff, but admitted that something was said by him with reference to the propriety of plaintiff contingently advancing the amount necessary to cover the expense of a trip to New York and New Jersey.

SAMUEL SHAW PARKS, for plaintiff in error.

No appearance for defendant in error.

MR. PRESIDING JUSTICE BAUME delivered the opinion of the court.

### Abstract of the Decision.

1. ATTORNEY AND CLIENT, § 135*—*when evidence sufficient to establish right to recover for services.* Evidence examined in action by attorney to recover for legal services, and *held* sufficient to support judgment for plaintiff.

2. EVIDENCE, § 222*—*when conversation with third person inadmissible.* Evidence of conversations between defendant and a third person out of the presence and hearing of plaintiff are inadmissible.

**M. A. Riman, Defendant in Error, v. David H. Daskal, Plaintiff in Error.**

**Gen. No. 20,094.    (Not to be reported in full.)**

Error to the Municipal Court of Chicago; the Hon. JOHN J. ROONEY, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1914. Reversed with finding of fact. Opinion filed May 20, 1915.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.